UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____
)
SCOTT CAMPBELL,                          )
          Plaintiff            )
                               )
v.                                       )      Civil Action No.
                               )
BRIAN CASEY, in his individual capacity as )
a police officer of the Town of Littleton, )
Massachusetts,                           )
          Defendant            )
_____)

## COMPLAINT AND JURY CLAIM

## INTRODUCTION

1.     This is a civil rights action seeking damages against defendant for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.  Defendant, while acting in his capacity as a police officer of the Town of Littleton, Massachusetts, deprived plaintiff of his liberty without due process of law, and made an unreasonable search and seizure of the person and property of plaintiff, thereby depriving plaintiff of his rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

On October 12, 2012, shortly after midnight, plaintiff was driving his pickup truck in the right lane on Route I-495 northbound in the Town of Boxborough.  Plaintiff observed a vehicle following him which he was able to identify as a police cruiser.  As plaintiff exited from Route I-

495 onto Route 2 to proceed to his home, the police cruiser pulled onto a grassy area by the off-ramp and turned off its headlights.  Within approximately one minute, plaintiff observed a vehicle rapidly approaching from behind.  That vehicle, which was a Littleton police cruiser operated by defendant Brian Casey, pulled in behind plaintiff's vehicle, followed it down the next off ramp onto Newtown Road, Littleton, activated its blue lights, and pulled plaintiff's vehicle over.  Following the administration of field sobriety tests by defendant Casey, plaintiff was arrested and transported to the Littleton Police station where he was processed.  Plaintiff was charged with operating a motor vehicle under the influence of alcohol, third offense, and a civil motor vehicle violation.  Plaintiff was tried before a jury in Ayer District Court on April 7, 2014, and was acquitted of the criminal charge.  The judge entered a finding of "not responsible" on the civil motor vehicle charge.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and Massachusetts common law. This court has jurisdiction over all federal claims pursuant to 28 U.S.C. §§ 1331 and 1343; 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

3.      Venue is proper because the events giving rise to these claims occurred in the District of Massachusetts.

## PARTIES

4.      Plaintiff Scott Campbell is a resident of Littleton, Middlesex County, Massachusetts.

5.      Defendant Brian Casey was, at all times material to this complaint, a duly appointed police officer of the Town of Littleton, Middlesex County, Massachusetts.  At all times material to this complaint, defendant acted toward plaintiff under color of the statues, ordinances, custom, and usage of the State of Massachusetts, Town of Littleton, and the Littleton Police Department.  Defendant is sued in his individual capacity.

**FACTS**

6.      In the late evening of October 11, 2012, plaintiff was returning to his home from having participated in an adult hockey league game at the New England Sports Center in Marlborough, Massachusetts.  Prior to leaving the parking lot, plaintiff consumed one twelve ounce beer.

7.      Plaintiff was operating a 2008 Chevrolet pickup truck, owned by him.  Plaintiff's route of travel eventually took him to Route I-495 northbound at the Route 62 interchange.

8.      While traveling in the right lane on Route I-495 in the vicinity of the Route 111 interchange, plaintiff noticed a vehicle traveling behind him and to his left in the middle lane. Plaintiff was proceeding within the speed limit.

9.      Within a short time of noticing the vehicle behind him, plaintiff was able to determine that it was a police cruiser by identifying the distinguishing roof bar lights.

10.      Plaintiff proceeded north on Route I-495 and, after signaling, exited at the Route 2 eastbound exit.  As plaintiff proceeded down the exit ramp he noticed that the police cruiser followed him.

11.     Upon entering Route 2 eastbound, plaintiff noticed in his rear view mirror that the police cruiser had stopped, backed up on the grassy area between the exit ramp and Route 2, and turned off its headlights.

12.     Plaintiff proceeded eastbound on Route 2 in the right lane within the speed limit. Within approximately one minute of travel on Route 2, plaintiff observed in his rear view mirror a vehicle approaching from behind at a high rate of speed.  That vehicle caught up to plaintiff's vehicle and matched plaintiff's speed while behind plaintiff's vehicle, in the left lane.

13.     Plaintiff signaled with his right directional signal and exited Route 2 at Newtown Road in the Town of Littleton.  The vehicle behind plaintiff followed him down the ramp.  At the bottom of the off-ramp, plaintiff signaled with his left directional signal, stopped, and proceed to turn left onto Newtown Road.

14.     As soon as plaintiff turned left, he noticed flashing blue lights from the vehicle behind him and pulled his vehicle to the right shoulder and stopped where it was safe to do so. The vehicle that had approached plaintiff's vehicle at a high rate of speed on Route 2, had followed him down the off-ramp, and stopped him, was a Littleton Police cruiser driven by defendant Brian Casey.

15.     At all times that evening/early morning, plaintiff operated his vehicle in accordance with all applicable traffic statues and regulations of the Commonwealth of Massachusetts and of the towns through which he drove.

16.     Plaintiff had violated no law, and defendant had seen no evidence and had no probable cause to believe that plaintiff had committed an offense, nor did defendant have any justification or authority whatsoever for stopping plaintiff's vehicle.

17.     Defendant ordered plaintiff out of his vehicle, administered several field sobriety tests, and arrested him for operating under the influence of intoxicating liquor.

18.     Plaintiff was booked at the Littleton Police station.  He was offered a chemical test of his breath and he refused same.  He was released within several hours of his arrest.

19.     Plaintiff was arraigned in Ayer District Court on October 12, 2012, on a criminal complaint charging operating under the influence of intoxicating liquor (OUI), third offense, and a civil motor vehicle "marked lanes" violation.  He pled not guilty.

20.     Plaintiff's license was suspended on October 12, 2012, for five years pursuant to Massachusetts General Laws, Chapter 90, Section 24, as a result of his refusal of the chemical test that was offered to him.

21.     Plaintiff's case was tried before a jury of six in Ayer District Court on April 7, 2014, and he was acquitted by the jury on that date.  He was found not responsible on the civil marked lanes violation charge by the court.  As a result of his acquittal, the court, on April 10, 2014, ordered that his operator's license be reinstated.

22.     As a result of defendant's actions in arresting and prosecuting him, plaintiff suffered public humiliation and shaming.

23.     As a result of defendant's actions in arresting and prosecuting him, plaintiff's relationships with parents of his two minor children's friends suffered and plaintiff's children suffered ostracism and rejection by their friends, causing plaintiff great emotional distress.

24.     As a result of defendant's actions in arresting and prosecuting him, plaintiff lost his driver's license from October 12, 2012 to April 10, 2014, causing plaintiff great inconvenience and embarrassment in his personal and professional life.

25.     As a result of defendant's actions in arresting and prosecuting him, plaintiff suffered a significant loss of business income as a proprietor of a successful plumbing business.

26.     As a result of defendant's actions in arresting and prosecuting him, plaintiff incurred significant legal expenses in defending against the charges.

## COUNT I
### (42 U.S.C. § 1983 Claim Against Defendant)

27.     Paragraphs 1 through 26 of the Complaint are re-alleged as if fully set forth herein.

28.     By means of his unlawful seizure and arrest of plaintiff and the malicious charges placed against him, defendant intentionally, or with deliberate indifference and callous disregard of plaintiff's rights, deprived plaintiff of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

29.     As a direct and proximate result of defendant's actions, plaintiff suffered the damages as described above.

## COUNT II
### (State Law Tort of False Arrest Against Defendant)

30.     Paragraphs 1 through 29 of the Complaint are re-alleged as if fully set forth herein.

31.     Defendant falsely arrested plaintiff without justification or probable cause.

32.     By reason of the unlawful conduct of defendant, plaintiff was deprived of his personal liberty, suffered great pain and anguish of mind, and suffered the damages as described above.

## COUNT III
### (State Law Tort of False Imprisonment Against Defendant)

33.     Paragraphs 1 through 32 of the Complaint are re-alleged as if fully set forth herein.

34.     Defendant falsely imprisoned plaintiff without justification or probable cause.

35.     By reason of the unlawful conduct of defendant, plaintiff was deprived of his personal liberty, suffered great pain and anguish of mind, and suffered the damages as described above.

## COUNT IV
### (State Law Tort of Intentional Infliction of Emotional Distress Against Defendant)

36.     Paragraphs 1 through 35 of the Complaint are re-alleged as if fully set forth herein.

37.     The conduct of defendant in arresting plaintiff was extreme and outrageous.

38.     Said defendant intended to cause, or recklessly disregarded the probability of causing, emotional distress to plaintiff.

39.     As a proximate result of defendant's conduct, plaintiff suffered extreme emotional distress, and suffered the damages as described above.

## COUNT V
### (State Law Tort of Malicious Prosecution Against Defendant)

40.     Paragraphs 1 through 39 of the Complaint are re-alleged as if fully set forth herein.

41.     Defendant caused a criminal charge and civil motor vehicle charge to be brought against plaintiff without probable cause and with malice.  The criminal charge and civil motor vehicle charge were disposed of favorably to plaintiff.

42.     As a direct and proximate result of defendant's actions, plaintiff suffered the damages as described above.

**WHEREFORE,** plaintiff requests that this Court:

1.      award compensatory damages;

2.      award punitive damages against defendant;

3.      award the costs of this action, including reasonable attorney's fees; and

4.      award such other further relief as this Court may deem necessary and appropriate.

Dated: September 26, 2014                    SCOTT CAMPBELL

By his attorney,

_/s/ Bruce T. Macdonald_
Bruce T. Macdonald
BBO #310400
P.O. Box 255
Nutting Lake, MA 01865
(978) 663-4680
Email: btm95@aol.com

**PLAINTIFF CLAIMS TRIAL BY JURY**